NO.  07-04-0398-CR
07-04-0399-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 6, 2004

_____


TAMMIE  SCHULENBERG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;

NO. 241-0612-02, 241-0613-02; HONORABLE CYNTHIA KENT, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant Tammie Schulenberg  has given notices of appeal from revocation of community supervision pursuant to convictions and sentences in causes numbers 241-0612-02 and 241-0613-02 in the 114th District Court of Smith County, Texas (the trial court), for forgery.  The trial court entered orders directing designation of any portions of the reporter's record necessary for appeal be filed with the Court and a copy forwarded to the

court reporter on or before August 12, 2004. Pursuant to transfer of the appeals by the Texas Supreme Court from the Twelfth Court of Appeals to this court, the clerk of this court received and filed the trial court clerk's record in each appeal on August 10, 2004. Prior to transfer of the appeals, the date for filing of the reporter's records had been extended two times. Subsequent to this court's receipt and docketing of the appeals, the court reporter has been advised by letters from the appellate clerk that the reporter's records are past due. The letters also directed the reporter to appropriately respond in the event the reporter's records could not be filed immediately. The court reporter has failed to respond to any communications from either of the appellate clerks.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute these appeals; (2) if appellant desires to prosecute the appeals, whether appellant has requested reporter's records, or designated portions of the reporter's records necessary for appellant's appeals, and if not, what orders should be entered to assure such requests or designations; (3) if the reporter's records have been requested or portions necessary to appellant's appeals designated, what orders or other actions should be directed to the court reporter to assure immediate filing of the reporter's records or such portions of the records as have been designated by appellant; (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeals if appellant does not desire to prosecute the appeals, or, if appellant desires to prosecute the appeals, to assure that the appeals will be diligently pursued. The

trial court is directed to enter any orders that it determines necessary and appropriate to assure the proper fulfilment of duties by appellant's attorney, the court reporter, or any other person necessary for diligent prosecution of appellant's appeals, or dismissal of the appeals.

The trial court is directed to: (1) conduct any necessary hearings; (2) enter any necessary orders; (3) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in supplemental clerk's records; (4) cause the hearing proceedings to be transcribed and included in reporter's records; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's records or the reporter's records. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than February 15, 2005.

So ordered.

Per Curiam

Do not publish.